# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC GRIFFIN** | : | |
| | : | CIVIL ACTION NO. 3:16-2412 |
| **Plaintiff** | : | |
| | : | **(JUDGE MANNION)** |
| **v.** | : | |
| | : | FILED |
| **DON E. BOWER, INC.** | : | SCRANTON |
| | : | APR 1 0 2018 |
| **Defendant** | : | |

PER _____ DEPUTY CLERK

## MEMORANDUM

Pending before the court are three motions *in limine* filed by the plaintiff. (Doc. 38; Doc. 39; Doc. 40). These motions seek the exclusion of the following categories of evidence from trial: (1) a recording of a phone call between the plaintiff and a representative from the Pennsylvania Department of Labor and Industry's Office of Unemployment Compensation (Doc. 38); (2) evidence referring to the plaintiff's claim for and receipt of unemployment benefits, (Doc. 39); and (3) markings located on a document identified by the defendant as a "list of gas employees . . . who are still employed," (Doc. 40). Based upon the court's review of these pending motions and their related materials, the plaintiff's pending motions will be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

By way of relevant background, this action stems from allegations that the defendant, Don E. Bower, Inc., retaliated against the plaintiff, Eric Griffin, for exercising his protected rights under the Family and Medical Leave Act ("FMLA"). *See* 29 U.S.C. §2615. Specifically, the complaint avers that the plaintiff notified the defendant that he would need time off to attend to his son, who had been recently diagnosed with leukemia. (Doc. 1; Doc. 5). Throughout the length of his son's initial hospital stay, the plaintiff maintained contact with the defendant and provided updates as to his expected date of return to work. (Doc. 1; Doc. 5). During a future conversation between the parties, the particulars of which remain in dispute, the defendant advised the plaintiff of his belief that "it would be better for both [parties] if [the] plaintiff were laid off." (Doc. 1). The plaintiff's employment was thereafter terminated. (*Id.*). The parties dispute the precise reason for this termination.

On December 6, 2016, the plaintiff filed a single-count complaint against the defendant, alleging that his rights under the FMLA had been violated. The defendant waived service of process on January 10, 2017 and filed an answer on February 1, 2017. (Doc. 4; Doc. 5). Discovery ensued. A final pretrial conference in this matter was held on April 2, 2018, and the trial is currently scheduled for April 16, 2018. (Doc. 37). In advance of trial, the plaintiff has

filed three separate motions *in limine*, which the court will consider in turn herein. (Doc. 38; Doc. 39; Doc. 40). While the plaintiff filed briefs in support of all three pending motions, the defendant filed briefs in opposition only to the first two pending motions. (Doc. 41; Doc. 42; Doc. 43; Doc. 44; Doc. 45). The plaintiff's final motion remains unopposed. (Doc. 40; Doc. 43).

## II. DISCUSSION

### a. The Plaintiff's Motion to Preclude the Defendant from Introducing Evidence of a Recording of a Phone Call Between the Plaintiff and a Representative from the Office of Unemployment Compensation

The plaintiff's first motion *in limine* requests the exclusion of evidence related to a telephone call recording between the plaintiff and a representative from the Pennsylvania Department of Labor and Industry's Office of Unemployment Compensation (the "Unemployment Recording"). (Doc. 38). The Unemployment Recording contains verbal statements indicating that the plaintiff listed "lack of work" as the reason for filing his unemployment application. (Doc. 41; Doc. 44). The plaintiff advances three arguments in support of his motion to exclude the Unemployment Recording. (Doc. 41).

First, the plaintiff points out alleged procedural defects in the subpoena that produced the Unemployment Recording, claiming first that the defendant

failed to provide notice of the subpoena under Federal Rule of Civil Procedure 45(a)(4) and second that the subpoena was untimely because it was issued on October 13, 2017 after the close of the discovery period in this case. (*Id.*). In response, the defendant asserts that notice of the subpoena was indeed provided and that the subpoena was issued while discovery was still ongoing, as the parties were still jointly conducting depositions in this case as late as October 26, 2017. (Doc. 44).

The defendant provides tangible evidence of its assertions on this point, while the plaintiff does not. (*Id.*). Specifically, the defendant cites to its Notice of Intent to Serve Subpoena, which is dated October 13, 2017, and to the subpoena itself, which is dated October 18, 2017, (Doc. 35; Doc. 44, Exh. A; Doc. 44, Exh. C). While the plaintiff argues that the "subpoena [was] issued by [the] defendant on October 13, 2017," the evidence of record indicates that it was actually the Notice of Intent to Serve Subpoena that was issued on that date. (Doc. 41). In turn, the plaintiff's contention that the defendant "fail[ed] to provide . . . notice" is unsupported by the record. (*Id.*).

In arguing that the subpoena itself was untimely, the plaintiff points to this court's order setting a discovery deadline of August 1, 2017. (Doc. 16; Doc. 41). The defendant, however, points out that both parties deposed two witnesses in this case on October 26, 2017, which is nearly three months after

the same discovery deadline and thirteen days after notice of the allegedly untimely subpoena had been served. (Doc. 44). The court agrees with the defendant's argument that the plaintiff cannot, on one hand, disregard the court's order establishing a discovery deadline when it is convenient to do so and then, on the other hand, invoke the discovery deadline when it suits his purposes. (*Id.*). As such, the introduction of the Unemployment Recording at trial will not be precluded on this basis.

The plaintiff next argues that the Unemployment Recording should be excluded because it is irrelevant and because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. (Doc. 41). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, verbal statements spoken between the plaintiff and the state unemployment representative on the Unemployment Recording support the

notion that the plaintiff listed "lack of work" on his unemployment application as the reason for his employment termination. (Doc. 41; Doc. 44). The true motivation behind the plaintiff's termination—that is, whether the defendant unlawfully retaliated against the plaintiff—comprises the ultimate issue in this case. The plaintiff argues that the mere fact that the plaintiff may have reported "lack of work" on his unemployment application does not have any tendency to make the fact of whether he was actually terminated for lack of work more or less probable. (Doc. 41). The FMLA is an anti-discrimination law with provisions that remain in full effect regardless of whether the plaintiff applied for or received unemployment benefits.

However, this is not to say that the Unemployment Recording is irrelevant to every issue in this case. Specifically, the plaintiff made a representation to the state unemployment representative about the reason for his termination, and this representation could be considered inconsistent with the allegations contained in the plaintiff's own complaint, which states that the plaintiff was terminated for exercising his protected rights under the FMLA. (Doc. 1). The Unemployment Recording is thus directly relevant to the plaintiff's credibility, as it possesses the tendency to make more or less probable the fact of whether the plaintiff's testimony is truthful. Since the plaintiff's application for unemployment benefits, in general, has no bearing on

- 6 -

this case and runs the risk of unfairly prejudicing or misleading the jury, the Unemployment Recording should not be admitted without restriction. Conversely, since the Unemployment Recording at issue here contains a representation from the plaintiff as to the reason for his separation from his employer, the court will limit the scope of this evidence by issuing a limiting instruction to the jury. Particularly, the jury will be instructed that the Unemployment Recording may be considered only for the purpose of assessing the plaintiff's credibility.

### b. The Plaintiff's Motion to Preclude the Defendant from Introducing Evidence Regarding the Plaintiff's Claim for and Receipt of Unemployment Compensation Benefits

The plaintiff's second motion *in limine* is directly related to the first, but it encompasses a somewhat broader scope. Rather than focusing on the Unemployment Recording, the plaintiff's second motion *in limine* seeks the exclusion of all evidence related to the plaintiff's claim for or receipt of unemployment benefits, including subsequent amounts charged to the defendant as a result of the plaintiff's unemployment claim. (Doc. 39).

Specifically, the plaintiff argues that any amount of compensation charged to the defendant or received by the plaintiff as a result of the plaintiff's unemployment application are irrelevant to the damages applicable in this

case under the "collateral source rule." (Doc. 42). "Under the collateral source rule, payments under . . . unemployment compensation and similar programs [are] treated as collateral benefits which [are] not ordinarily . . . set off against damages awarded." *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 793-94 (3d Cir. 1985). In response, the defendant contends that it "does not seek to introduce evidence of the amount of unemployment . . . benefits [that the plaintiff] received." (Doc. 45). Instead, the defendant "seeks to introduce . . . representations made by [the] plaintiff to the [Office of] Unemployment Compensation . . . [that] are inconsistent with the allegations made in this case." (*Id.*). "Specifically, [the] plaintiff represented that the reason for [his] separation from [the] defendant was [a] lack of work." (*Id.*).

As the plaintiff made representations similar to those on the Unemployment Recording throughout his dealings with the Office of Unemployment Compensation, the jury will be provided with a similar limiting instruction when considering any evidence related to the plaintiff's unemployment claim or his receipt of unemployment benefits. Specifically, the jury must be instructed that any such evidence may be considered only for the limited purpose of assessing the plaintiff's credibility.

### c. The Plaintiff's Motion to Preclude the Defendant from Introducing Evidence Relating to the Markup on a List of the Defendant's Employees

The plaintiff's final motion *in limine* seeks the exclusion of the "markup" located on a document produced during discovery (the "List of Gas Employees with Markup"), which purports to be a list of people who continue to be employed by the defendant despite occupying positions similar to the position that the plaintiff was terminated from. (Doc. 40). The "markup" to which the plaintiff's motion refers consists of a rectangular box drawn in black marker around the names of five employees with an accompanying annotation stating that "these are the only employees . . . still employed with Don E. Bower, Inc. [who] were hired for . . . Gas Field Services." (Doc. 43).

The plaintiff argues that the markup constitutes inadmissible hearsay because it is an out-of-court "statement" offered to "prove the truth of the matter asserted" that does not fit within any exception or exclusion to the general prohibition against hearsay. *See* Fed. R. Evid. 801, 802, 803. The defendant has not filed a brief opposing the plaintiff's motion. This motion is thus easily dealt with under the Local Rules of Court for the Middle District of Pennsylvania. "Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen . . . days after service of the movant's brief." Local Rule 7.6. "Any party who fails to

comply with this rule shall be deemed not to oppose such motion." *Id.* As such, the plaintiff's final, unopposed motion *in limine* will be granted.


## III.    CONCLUSION

For the foregoing reasons, the plaintiff's motions *in limine* will be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the plaintiff's motion seeking to exclude the Unemployment Recording, (Doc. 38), will be **DENIED**. The court will, however, provide the jury with an instruction regarding the limited purpose for which the evidence may be considered. The plaintiff's motion seeking to exclude evidence referring to the plaintiff's claim for and receipt of unemployment benefits, (Doc. 39), will be **DENIED**. Similarly, the court will provide the jury with an instruction regarding the limited purpose for which the evidence may be considered. Finally, the plaintiff's motion seeking to exclude the markup on a document identified by the defendant as a "list of gas employees . . . who are still employed," (Doc. 40), will be **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
M A L A C H Y E . M A N N I O N
U nited States District Judge

**Date: April 10, 2018**